# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| | |
|---|---|
| Appeal Number | 22-1094 |
| Case Name | Young, et al v. Frontier Airlines, Inc. |
| Party or Parties Filing Notice of Appeal Or Petition | Jeffrey Bone, Kelli Capra, David Dickstein, Shirley Johnson, Stephanie Muters, Danielle Porreca, Chacha Powel, And Nelcy Alexa Rivera-De Leon |
| Appellee(s) or Respondent(s) | Frontier Airlines, Inc. |
| List all prior or related appeals in this court with appropriate citation(s). | None |

## I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A.     APPEAL FROM DISTRICT COURT

**1.**     Date final judgment or order to be reviewed was **entered** on the district court docket: 9/14/2022

**2.**     Date notice of appeal was **filed**: 3/30/2022

**3.**     State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other authority): Fed. R. App. P. 4(a)(4)(A)(vi)

      **a.**     Was the United States or an officer or an agency of the United States a party below? No

      **b.**     Was a motion filed for an extension of time to file the notice

of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No

**4.**  Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

    **a.**  Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

        10/11/2021

    **b.**  Has an order been entered by the district court disposing of any such motion, and, if so, when?

        Yes on 3/1/2022

**5.**  Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

    **(If your answer to Question 5 is no, please answer the following questions in this section.)**

    **a.**  If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

    **b.**  If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

    **c.**  If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

**6.**  Cross Appeals.

    **a.**  If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

        Not applicable

    **b.**  If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th

Cir. 2010) (discussing protective or conditional cross appeals). <u>Not applicable</u>_____

**B.**     **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    **1.**     Date of the order to be reviewed: _____

    **2.**     Date petition for review was filed: _____

    **3.**     Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: _____

    **4.**     Specify the time limit for filing the petition (cite specific statutory section or other authority): _____

**C.**     **APPEAL OF TAX COURT DECISION**

    **1.**     Date of entry of decision appealed:_____

    **2.**     Date notice of appeal was filed: _____

    (If notice was filed by mail, attach proof of postmark.)

    **3.**     State the time limit for filing notice of appeal (cite specific statutory section or other authority): _____

    **4.**     Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) _____

II.    **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    **A.**    Does this appeal involve review under 18 U.S.C. § 3742(a) or (b) of the sentence imposed? _____

    **B.**    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    **C.**    Describe the sentence imposed. _____

        _____

    **D.**    Was the sentence imposed after a plea of guilty? _____

    **E.**    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    **F.**    Is the defendant on probation or at liberty pending appeal? _____

    **G.**    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III.    **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

The COVID-19 pandemic severely reduced the opportunity and ability to travel for many Americans, and, due to reduced flight demand, Frontier slashed flight schedules and canceled thousands of flights, to avoid incurring losses caused by operating flights well-below maximum capacity. Frontier's contract of carriage provides that if Frontier cancels a flight, it shall "provide a refund for the unused portion of the passenger's ticket." Plaintiffs allege that instead of fulfilling its obligations to provide refunds, Frontier has provided only 90-day travel vouchers, which were worthless during the pandemic due to travel restrictions and limited flight capacity and routes. The named plaintiffs brings claims for breach of contract against Frontier on behalf of themselves and other passengers similarly situated. The Court granted Frontier's motion to dismiss under Fed. R. Civ. P. 12(b)(6) with prejudice and entered judgment on September 14, 2021. Plaintiffs moved to alter the judgment, reopen the case, and file an amended complaint on October 11, 2021. The Court denied that motion on March 1, 2022.

IV.    **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

(1) Whether the Court erred in granting Frontier's motion to dismiss and dismissing Plaintiffs' breach of contract claims with prejudice.
(2) Whether the Court erred in denying Plaintiffs' motion to alter the judgment, reopen the case, and permit leave to amend

## V.    ATTORNEY FILING DOCKETING STATEMENT:

Name: Shanon J. Carson          Telephone: 215-875-4656

Firm: Berger Montague PC

Email Address: scarson@bm.net

Address: 1818 Market St.

Ste. 3600

Philadelphia, PA 19103


s/ Shanon J. Carson                    4/14/2022

Signature                              Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Shanon J. Carson                              , hereby certify that on
[attorney for appellant/petitioner]

4/14/2022                     , I served a copy of the foregoing **Docketing Statement**, to:
[date]

Kathryn A. Grace and Patrick J. Kearns          , at _____
[counsel for/or appellee/respondent]

Wilson Elser Moskowitz Edelman & Dicker LLP

kathryn.grace@wilsonelser.com; patrick.kearns@wilsonelser.com

_____, the last known address/email address, by

electronic mail.                                                              .
[state method of service]

/s/ Shanon J. Carson
Signature

_____
Date

Berger Montague PC
1818 Market St.
Ste. 3600
Philadelphia, PA 19103
Full name and address of attorney